IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY P. COLBY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv52 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | & Summary Judgment Notice |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

A Motion for Summary Judgment has been filed by defendant-Sarpy County (filing no. 66). Pursuant to the instructions of Senior District Judge Warren K. Urbom, to whose docket this case is assigned, a "**NOTICE - WARNING**" is attached to this Order. That Notice informs the plaintiff of his obligation to respond appropriately to a summary judgment motion.

However, because the plaintiff is informed for the first time of these requirements, the deadlines in the attached Notice are hereby extended for the pending motion. The plaintiff shall have until September 16, 2005 to file his response to the summary judgment motion.

THEREFORE, IT IS ORDERED:

1.  That the plaintiff shall review the "**NOTICE - WARNING**" attached to this Order regarding responding appropriately to a summary judgment motion; and

2.  That the plaintiff shall have until **September 16, 2005** to file his response to Sarpy County's pending summary judgment motion.

DATED this 8th day of August, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

# NOTICE - WARNING

## This Notice is Required to be Given to You by the Court

A defendant has made a motion for summary judgment, seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case, at least as to that defendant.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, a motion for summary judgment must be granted when there is no genuine issue of material fact. That is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law and that will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by sworn testimony, you cannot simply rely on what your complaint says. Instead, you must set out specific facts by sworn testimony. Sworn testimony can be in the form of written statements declared to be true under penalty of perjury or by affidavits or interrogatories or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in any similar writing or documents by a defendant or defendants. Doing so is your way of showing that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

[Local Rule 7.1(b)(2)(A) of the District Court requires that you include as a part of your opposition to a motion for summary judgment the following: **(1) Opposing Brief. (A) Form and Content**. The party opposing a motion shall not file an "answer," or "opposition," "objection," or "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon. The brief shall not recite facts unless supported as provided in subparagraph (b)(2) of this rule. **(B) Time for Filing.** A brief opposing a motion to dismiss or for summary judgment must be filed and served no later than twenty (20) days after the motion and supporting brief are filed and served. A brief opposing any other motion must be filed and served no later than ten (10) days after the motion and supporting brief are filed and served. **(C) Effect of Failure to File.** Failure to file an opposing brief shall not be considered to be a confession of the motion, but shall preclude the nonmoving party from contesting the moving party's statement of facts.

**(2) Evidence and Evidence Index. (A) Factual Support.** The non-moving party shall, at the time of filing the opposing brief, also file and serve any evidentiary materials on which the party is relying and which have not previously been filed. Every factual assertion in the opposing brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence relied on by the non-moving party. **(B) How to File.** The filing of evidence in opposition to a motion shall be governed by Administrative Procedure IV.B. Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates. **(C) Required Affidavit**. Any documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.].

*Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).