IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY P. COLBY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV52 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY, | ) | MEMORANDUM AND ORDER ON |
| | ) | MOTION FOR LEAVE TO FILE OUT OF |
| Defendant. | ) | TIME |
| | ) | |

The remaining defendant, Douglas County, has moved for an order granting leave to file a motion for summary judgment out of time.

The Order Setting Schedule for Initial Progression of Case, filing 40, filed on April 13, 2005, set June 1, 2005, as the date within which motions for summary judgment or partial summary judgment had to be filed. That order remains dispositive until some relief from it has been granted. At the Planning Conference on March 27, 2006, (a transcript of which I have listened to) the counsel for the defendant asked for an opportunity to file a motion for summary judgment, but the magistrate judge made it clear that he would not permit such a motion to be filed. It is true that the Final Progression Order resulting from that meeting did not speak of a deadline for any motion for summary judgment, but it did not extend the June 1, 2005, deadline. Title 28, § 636(b)(1)(A) provides that "where it has been shown that a magistrate judge's order is clearly erroneous or contrary to law" a judge of the court may reconsider any pretrial matter.

It has not been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Neither as a practical matter would there be appreciable gain, if any, in permitting the filing of a motion for summary judgment. The date set for trial is August 14, 2006. Awaiting 15 days for a response from the plaintiff and possibly of a reply from the defendant, reading whatever briefs were submitted, and writing an opinion on the subject of the motion would be time spent--even if it resulted in a summary judgment in favor of the defendant--that would likely to be at least as long as it would take to hear the plaintiff's case and learn whether he can make a

case that would survive a motion to dismiss at the end of the plaintiff's case in chief. In short, if such a motion for summary judgment has validity, scant time will be saved by working it through; if it has no validity, working it through will have been a waste of time.

    IT IS ORDERED that the Motion for Leave Out of Time, filing 107, is denied.

    Dated July 5, 2006.

                      BY THE COURT

                      s/ Warren K. Urbom
                      United States Senior District Judge